ORDERED.

Dated: March 08, 2024

Jerry A. Funk
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

**Carmen Rivera Baeza,**

   Debtor.
_____/

Case No.: 3:24-bk-00091-JAF
Chapter 7

### ORDER GRANTING MOTION FOR
### PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY [D.E. 25]

**THIS MATTER** came before the Court on March 4, 2024 at 1:30 p.m. upon the Motion for Prospective Relief From the Automatic Stay [D.E. 25] (the "Motion") filed by S.N. Servicing Corporation, as Servicer for U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust (the "Secured Creditor"). The Court having reviewed the Motion, it is, hereby

**ORDERED** as follows:

1.    The Motion is **GRANTED** as set forth herein.

*Case No.: 3:24-bk-00091-JAF*

2.      Based on the Debtor's pattern of multiple prior bankruptcy filings, pursuant to 11 U.S.C. § 362 (d)(4), Secured Creditor or its successors or assignees of interest in the Property shall have two (2) year prospective relief from the automatic stay arising by reason of 11 U.S.C. § 362 of the Bankruptcy Code as to the real property described as 31 EAST DIAMOND DRIVE, PALM COAST, FL 32164 (the "Property") and with legal description as follows:

> **LOT 13, BLOCK 31, PALM COAST, MAP OF EASTHAMPTON, SECTION 34, ACCORDING TO MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 11, PAGES 30-49 OF THE PUBLIC RECORDS OF FLAGLER COUNTY, FLORIDA.**

3.      Upon recording of this Order in compliance with applicable state laws, this Order shall be binding in any other bankruptcy case filed within two (2) years from the entry of this Order by any person or entity purporting to claim any interest in or otherwise affect the Property.

4.      In the event that any bankruptcy case is filed by any person or entity claiming an interest in the Property within the two (2) year period following this Order, the automatic stay arising from 11 U.S.C. 362(a) shall not apply to Secured Creditor's or its successors' or assignees' interest in the Property. Furthermore, with respect to any future bankruptcy case filed by the Debtor or any other person or party claiming an interest in the Property filed within the next two (2) years, the state court Judge and Clerk may consider that pursuant to this Order no bankruptcy stay is in effect as to Secured Creditor, it assigns or successors, and the state court foreclosure action.

5.      Secured Creditor or its successors or assignees of interest in the Property shall schedule the foreclosure sale relating to the property in the state court case for a date that is at least forty-five (45) days after the entry of this Order.

6. The Court shall retain jurisdiction over this matter to consider and enter such further relief necessary to enforce the terms and conditions of this Order.

### 

Submitted by:

Melbalynn Fisher, Esq.
Florida Bar No. 107698
mfisher@ghidottiberger.com
**GHIDOTTI | BERGER, LLP**
1031 North Miami Beach Blvd.
North Miami Beach, FL 33162
Telephone: (305) 501-2808
Facsimile: (954) 780-5578


Melbalynn Fisher is directed to serve a copy of this Order upon all interested parties who are non-CM/ECF users and to file a Certificate of Service within three (3) days of entry of the Order.